IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES CARTER                                                                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:11cv134-TSL-MTP

KST TRANSPORT, INC. AND                                                               DEFENDANTS
JOHN DOES 1 THROUGH 10

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Plaintiff's [29] Motion for Default Judgment and/or Other Relief.  This motion was referred by the District Judge to the undersigned "for the purpose of submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this motion."  *See* docket entry [30].  *See also* docket entry [28] (Order to Show Cause).

Having considered the motion, along with the record of this case and the applicable law, the undersigned recommends that Plaintiff's [29] Motion for Default Judgment be granted.

## PROCEDURAL HISTORY

Plaintiff filed his complaint in the Circuit Court of Hinds County, Mississippi on January 21, 2011.  On March 3, 2011 this matter was removed to this Court.  *See* docket entry [1]. Plaintiff's cause of action arises from an accident occurring on or about August 8, 2010.  He alleges that Defendant's employee, Harjit Singh ("Singh"), while acting "in the course and scope of his employment and/or as the agent of Defendant, KST Transport, Inc." ([1]-1), was negligent and caused injuries to Plaintiff, who was operating his motorcycle at or near Terry Road in Jackson, Mississippi.

1

Defendant KST Transport, Inc. ("KST"), which at the time was represented by legal counsel, filed its [9] Separate Answer and Affirmative Defenses on April 7, 2011.  Singh filed a [11] Motion to Dismiss, which acknowledged that he "was a truck driver for KST at the time an accident occurred on August 8, 2010 involving Plaintiff."  The motion went on to allege that "Singh no longer resides at the . . . address" stated in the Complaint and that his "exact whereabouts are unknown, as he has left the United States of America to return to India, his country of origin.  Further, no information exists as to whether Singh will ever return to the United States of America."  The motion to dismiss was based on insufficient process and insufficient service of process.  The motion was accompanied by an affidavit executed by Kamaljit Singh in his capacities as President of KST and as its Registered Agent for service of process.

An [15] Agreed Order of Dismissal of Harjit Singh Without Prejudice was entered April 26, 2011.  The order was predicated on the voluntary dismissal provisions of Fed. R. Civ. P. 41.  A [18] Case Management Order was entered May 24, 2011.

On July 7, 2011, counsel for KST filed a [22] Motion to Withdraw, followed by a [23] supplement to the withdrawal request.  *See also* docket entry [24].  The purpose of the supplement was to show compliance with L. U. Civ. R. 83.1(b)(3) governing withdrawal by attorneys.

The Court set a hearing on the motion to withdraw.  *See* docket entry [25].  *See also* Minute Entry of August 18, 2011.  Following the hearing, the Court entered an [27] Order granting the motion to withdraw, suspending all case deadlines for thirty days, and requiring KST

to obtain qualified substitute counsel during that thirty day period.[1]  In bold capitalized print, KST was "advised that failure to obtain substitute counsel during this time may adversely effect [sic] its rights and defenses, which may include entry of a default judgment against it for the relief demanded in the complaint."  A copy of the [27] order was mailed to Kamaljit Singh, KST's president, and Jeff Reich, its counsel in California.[2]

On September 23, 2011, the Court entered an [28] Order to Show Cause.  KST was afforded a final opportunity to respond to the Court's prior [27] order and "show cause in writing why a default judgement [sic] should not be entered against it and/or sanctions imposed for its failure to comply" with the [27] order.  KST was also advised that "[f]ailure to respond or to show sufficient cause may result in the entry of a default judgment or other adverse consequences."  The deadline for KST's response to this [28] order was October 14, 2011.  KST never responded or otherwise appeared.

Plaintiff filed his [29] Motion for Default Judgment and/or Other Relief on November 3, 2011.  Pursuant to [31] Order, the undersigned conducted a hearing on the [29] Motion for Default Judgment, at which the Plaintiff presented oral testimony and documentary evidence in support of his motion.  Defendant KST, the party against which Plaintiff seeks the default judgment, did not appear at the hearing.  After the hearing, Plaintiff was given the opportunity to submit Proposed Findings of Fact and Conclusions of Law for the Court's consideration.  *See*

---

[1]Although 28 U.S.C. § 1654 authorizes individuals to appear *pro se*, the United States Supreme Court has held that corporations may not appear in court unless they are represented by licensed counsel.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201 (1993).

[2]At no time has any document mailed to Mr. Singh or Mr. Reich been returned as undeliverable.  *See* docket entries of August 18 (related to order [27]) and September 23, 2011 (related to order [28]), and February 16, 2012 (related to order [31]).

docket entry [32].

## LEGAL STANDARD/REQUIREMENTS

Fed. R. Civ. P. 55(b)(2) provides, in pertinent part:

> A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice the application at least 7 days before the hearing.

Any hearing may be conducted by the Court to explore such issues as the truth of any allegation by evidence and the amount of damages. In the instant case, the procedural requirements for written notice have been met.

A default judgment under this rule rests within the sound discretion of the Court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767 (internal quotations and citation omitted).

The relevant factors a court should consider in deciding whether to grant a default judgment include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Finally, when a party is in default, the Court accepts pleaded facts as true, but must still determine whether those facts state a claim upon which relief may be granted. *Lewis*, 236 F.3d at 767-68.

**LIABILITY AND DAMAGES**

In addition to the pleadings, the Court received testimony as to the events surrounding the incident. This testimony indicated that on or about August 8, 2010, Plaintiff was operating his motorcycle on Interstate 20 eastbound when he took the exit to get to Terry Road in Hinds County, Mississippi. Plaintiff brought his motorcycle to a stop at the yield sign at the intersection of the Interstate 20 off-ramp and the southbound lane of Terry Road. While Plaintiff was waiting for traffic to clear on Terry Road, a tractor-trailer rig driven by Harjit Singh and owned by KST rear-ended Plaintiff's motorcycle.

The tractor-trailer rig turned over when the collision occurred. The Court concludes that Singh was operating the KST-owned vehicle in a negligent manner by failing to keep a proper lookout, by driving at an excessive speed under the circumstances, by applying his brakes too late to avoid a collision, by failing to maintain proper and adequate control of the vehicle, and by otherwise failing to exercise reasonable care in operating KST's vehicle, all of which caused the collision and Plaintiff's injuries to occur.

Plaintiff did not contribute to the collision. He was thrown approximately one hundred feet from the point of contact between Plaintiff's motorcycle and KST's tractor-trailer rig operated by Harjit Singh during the course and scope of his employment.[3]

Plaintiff incurred significant injuries as a result of KST's driver's negligence. He was taken by ambulance from the scene of the collision to Mississippi Baptist Memorial Medical Center. During the trip to the hospital he was placed in a cervical collar and given pain

---

[3]The accident report admitted at the hearing as Exhibit 1 ([33]-1) states: "The driver of V1 was ejected from V1 (motorcycle) approximately 200 feet south of the point of impact." It also identifies KST as the carrier.

medication to help with his breathing. Plaintiff continued to receive medical care after his discharge from the hospital.

The injuries suffered by Plaintiff included a torn right rotator cuff which required surgery (right shoulder arthroscopy with decompression, distal clavicle excision, and rotator cuff repair). This injury has not completely healed. He presently does not have full range of motion in his shoulder, and is limited in the amount of weight he can lift. According to Plaintiff, the restrictions with his shoulder are permanent.

Plaintiff's neck was also injured and required surgical procedures including a C4-C5 anterior cervical diskectomy with decompression of the spinal cord and nerve roots, a C5-C6 anterior cervical diskectomy with decompression of the spinal cord and nerve roots, and placement of a permanent cervical locking plate with screws. The range of motion in Plaintiff's neck is limited. Plaintiff experiences pain in his neck and shoulder every day, and cannot engage in hobbies such as lifting weights with his son, shooting basketball, and playing football and softball with his children. He takes numerous medications for pain.

He testified regarding significant stress and anxiety resulting from the accident.[4] Plaintiff also suffered a contusion to his liver and broken ribs as a proximate result of the collision.

Plaintiff seeks actual, compensatory, consequential and incidental damages for his physical injuries; past, present and future physical and emotional pain and suffering; past, present and future medical expenses; and lost wages and any other special damages, together with attorneys fees, costs of suit and any further relief as the Court deems proper. *See* [1]-1.

---

[4] Plaintiff's voluminous medical records and bills were introduced at the hearing as composite Exhibits 2 and 3.

Plaintiff's current medical costs and expenses are $87,729.78. Plaintiff did not present evidence of future medical expenses or provide a reasonable projection of any future medical expenses. Thus, they cannot be considered. Although Plaintiff testified that he cannot perform the job he had with the Mississippi Department of Education at the time of the collision, it appears from his testimony that he lost that job for other reasons. In any event, Plaintiff failed to establish that his lost wages can be fairly attributed to the accident. Plaintiff is, however, entitled to damages for past, present, and future physical pain and suffering. Given the scope of injuries suffered, the treatment and surgeries endured, and Plaintiff's testimony, the Court finds that $300,000.00 is a fair and reasonable amount for pain, suffering, and mental anguish.

## **CONCLUSION/RECOMMENDATIONS**

This Court has jurisdiction over the parties and over this subject matter. The grounds for default judgment against KST are clearly established. KST has exhibited a history of not responding to and not complying with the Court's orders since the withdrawal of its counsel. It was warned more than once of the consequences, including a default judgment, for failing to obtain substitute counsel, failing to comply with this Court's orders, and failing to defend against the Plaintiff's allegations. Sanctions other than default judgment would be meaningless in light of this history of silence. KST's conduct in this litigation is not the result of good faith or excusable neglect, and results in substantial prejudice to Plaintiff.

KST is vicariously liable for the negligence of Harjit Singh, whose negligent actions proximately caused Plaintiff's injuries. This Court recommends that a default judgment be entered against Defendant KST Transport, Inc. in favor of Plaintiff in the total amount of $387,729.78 representing $87,729.78 in past and present medical expenses and $300,000.00 for

past, present, and future pain and suffering, together with all costs of this cause of action.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendations within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[5]

THIS the 21st day of March, 2012.

s/Michael T. Parker
United States Magistrate Judge

---

[5] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.